# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| WELLS FARGO BANK NATIONAL ASSOCIATION | § § § | |
| v. | § § | CIVIL ACTION NO. 3:19-CV-2014-S |
| ENERGY PRODUCT COMPANY LLC et al. | § § § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses the Complaint and Application to Confirm Arbitration Award (the "Application") filed by Wells Fargo Bank, National Association ("Wells Fargo") against Energy Product Company, LLC ("EPC") and Energy Transport and Logistic, LLC ("Transport") [ECF No. 1] and Wells Fargo's Motion for Entry of Final Judgment (the "Motion") [ECF No. 8]. For the following reasons, the Court grants the Motions and confirms the Arbitration Award.

### I. BACKGROUND

On May 17, 2018, Wells Fargo filed a demand for arbitration with the American Arbitration Association ("Arbitration"). *See* Mot. ¶ 1. The demand was made within the Northern District of Texas and concerned (1) amounts owed by EPC to Wells Fargo under an Account Purchase Agreement dated November 11, 2014; (2) amounts owed by Transport to Wells Fargo under a General Continuing Guaranty dated November 11, 2014; and (3) performance owed by Transport to Wells Fargo under a General Security Agreement dated November 11, 2014. *See id.* On May 7, 2019, the arbitrator conducted a full evidentiary hearing in Dallas, Texas. *See id.* at ¶ 2. Wells Fargo appeared at the hearing. *See id.* Although EPC and Transport were duly served with notice, they did not appear. *See id.*

On June 12, 2019, the arbitrator issued a final award, which granted the following relief to Wells Fargo: (1) $656,009.74 in damages for the balance due under the Account Purchase

Agreement and General Continuing Guaranty; (2) $390,470.85 for the reasonable and necessary attorneys' fees and other costs of collection incurred by Wells Fargo; (3) $204,969.80 for the collection-related expenses and cost of realization on the collateral as provided under the Account Purchase Agreement, General Continuing Guaranty, and General Security Agreement; (4) $26,855.00 for the administrative fees and expenses of the AAA and the arbitrator; and (5) a declaratory judgment holding that Wells Fargo has a valid and subsisting security interest in substantially all of the assets of Transport and further ordering Transport to take immediate action to note Wells Fargo's security interest on all of its vehicle titles (being approximately 43 truck titles and other vehicles). *See id.* ¶ 3. The final award directed EPC and Transport to satisfy the terms of the final award by July 12, 2019. *See id.*

To date, EPC and Transport have not paid Wells Fargo any amounts due under the final award, and Transport has not taken immediate action to note Wells Fargo's secured interest on all of its vehicle titles as required by the final award. *See id.* ¶ 4. On August 22, 2019, Wells Fargo filed its Application, seeking to confirm the final award. *See id.* ¶ 5. On September 19, 2019, Defendants EPC and Transport were served by the United States Marshals for the District of Delaware. *See id.* ¶ 6. To date, EPC and Transport have not answered or otherwise responded to the Application or the present Motion. *See id.* ¶ 7.

## II. LEGAL STANDARD

Under the Federal Arbitration Act ("FAA"), an application for confirmation of an arbitrator's award "shall be made and heard in the manner provided by law for the making and hearing of motions." 9 U.S.C. § 6. For that reason, Federal Rule of Civil Procedure 55, which governs default judgments, does not operate in the context of applications to confirm arbitration awards; rather, an unanswered application to confirm an arbitration award should be "'treated as akin'" to an unopposed motion for summary judgment. *SmartPrice.Com, Inc. v. Long Distance*

*Servs.*, Civ. A. No. SA-07-CV-087-XR, 2007 WL 1341412, at *3 (W.D. Tex. May 4, 2007) (quoting *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 109-110 (2d Cir. 2006)).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which it believes demonstrates the absence of a genuine issue of material fact." *SmartPrice.com*, 2007 WL 1341412, at *3 (citing, among other authorities, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

### III. ANALYSIS

#### A. *Jurisdiction*

Section 9 of the FAA reads, in relevant part, as follows:

If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

Here, the parties agreed that "judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction." Compl. & App. to Confirm Arbitration Award ("App.") Ex. 2, at 16. Moreover, as the award was made within the Northern District of Texas, *see* Mot. ¶ 2, jurisdiction in this Court is appropriate, *see* 9 U.S.C. § 9.

#### B. *Confirmation of Arbitration Award*

The district court's review of an arbitration award under the FAA is "'extremely narrow.'" *SmartPrice.com*, 2007 WL 1341412, at *2 (quoting *Prescott v. Northlake Christian Sch.*, 369 F.3d

3

491, 494 (5th Cir. 2004)). "Under the FAA, a district court may vacate an award only if: (1) the award was procured by corruption, fraud, or undue means; (2) there is evidence of partiality or corruption among the arbitrators; (3) the arbitrators were guilty of misconduct which prejudiced the rights of one of the parties; or (4) the arbitrators exceeded their powers." *Id.* (citing, among other authorities, 9 U.S.C. § 10(a)).

"Section 10 of the [FAA] provides the exclusive grounds for vacatur of an arbitration award."[1] *Institutional Capital Mgmt. Inc. v. Claus*, 364 F. App'x 168, 170 (5th Cir. 2010) (citing *Citigroup Glob. Mkts., Inc. v. Bacon*, 562 F.3d 349, 358 (5th Cir. 2009)); *see also Quezada v. Bechtel OG & C Constr. Serv., Inc.*, 946 F.3d 837, 844 (5th Cir. 2020) (same). "Thus, '[i]n reviewing arbitration proceedings, courts are limited to the question [of] whether the proceedings were fundamentally unfair.'" *Group 32 Devel. & Eng'g, Inc. v. GC Barnes Group, LLC*, Civ. A. No. 3:14-CV-2436-B, 2015 WL 144082, at *3 (N.D. Tex. Jan. 9, 2015) (alteration in original) (quoting *Pac. Breakwater W., Inc. v. Wellness Int'l Network, Ltd.*, No. Civ. A. 3:97-CV-1556, 2000 WL 276812, at *6 (N.D. Tex. Mar. 9, 2000)). "A 'fundamentally fair hearing requires only notice, opportunity to be heard and to present relevant and material evidence before the decision makers, and that the decision makers are not infected with bias.'" *Id.* (quoting *Pac. Breakwater W.*, 2000 WL 276812, at *6).

Vacatur of arbitral awards under the FAA should occur only in "very unusual circumstances." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 942 (1995). The Court finds no unusual circumstances in this case. The Application was accompanied by a full record that

---

[1] To the extent that an award may be vacated upon a showing of "manifest disregard" of the law, *see DynaColor, Inc. v. Razberi Techs., Inc.*, 795 F. App'x 261, 263-64 (5th Cir. 2020) (noting that the Fifth Circuit has not yet determined whether the "manifest disregard" standard "survives" the Supreme Court's decision in *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008)), the Court finds no evidence in the record that the arbitration award is a result of manifest disregard of the law.

includes the final award, the underlying agreements (including the applicable arbitration provisions), and other relevant documents. *See* Mot. ¶ 10. After reviewing the record, the Court finds no basis to conclude that the award should be vacated. The record indicates that while EPC and Transport received fair notice of the hearing, they chose not to attend. *See* App. Ex. 1-1, at 2. "[A]ll parties in an arbitration proceeding are entitled to notice and an opportunity to be heard, [but] due process is not violated if the hearing proceeds in the absence of one of the parties when that party's absence is the result of his decision not to attend." *Group 32 Devel.*, 2015 WL 144082, at *4 (internal quotation marks omitted) (quoting *Bernstein Seawell & Kove v. Bosarge*, 813 F.2d 726, 729 (5th Cir. 1979)). Thus, Defendants' absence at the arbitration hearing does not weigh against enforcing the award.

Moreover, there is no evidence that the award was the product of corruption or fraud or that the arbitrator was impartial, prejudicial to EPC or Transport, or otherwise exceeded his authority. *See SmartPrice.Com, Inc.*, 2007 WL 1341412, at *11 ("Most of the statutory grounds for vacatur require some form of extrinsic evidence, which is unavailable because Defendant did not respond to the motion."). Therefore, the Court finds that the underlying arbitration proceeding was not fundamentally unfair and grants the Motion.

## IV.     CONCLUSION

For the reasons discussed above, the Court grants the Motion and confirms the Award.

**SO ORDERED.**

SIGNED March 26, 2020.

_____
**KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE**

5